Julie W. O'Dell, CA Bar No. 291083
jodell@atllp.com
ARMSTRONG TEASDALE LLP
19800 MacArthur Boulevard, Suite 300
Irvine, California, 92612
Telephone:   314.621.5070
Facsimile:    314.621.5065

Attorneys for Plaintiff
PCI INTERMEDIATE, INC. a Delaware Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PCI INTERMEDIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN S. HORTON and ROBERT ENG, as Stockholder Representatives, <br><br> Defendants. | Case No. 23-5825 <br><br> **PCI INTERMEDIATE, INC.'S COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF** |

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, Plaintiff PCI Intermediate, Inc. ("PCI") alleges as follows:

### PARTIES, JURISDICITON, AND VENUE

1. PCI is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois and is therefore a citizen of Delaware and Illinois.

2. Defendant Robert Eng resides and is domiciled in the State of California and is therefore a citizen of the State of California.

3. Defendant John S. Horton (collectively with Defendant Eng, the "Stockholder Representatives") resides and is domiciled in the State of Arizona and is therefore a citizen of the State of Arizona.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Eng and Horton as Stockholder Representatives and venue is appropriate in this Court's Eastern Division pursuant to a forum selection clause contained in the Merger Agreement (defined herein) that Eng signed as a representative of Pacific Consolidated Industries' stockholders and Horton signed as the CEO of PCI Holding Company, Inc. and representative of Pacific Consolidated Industries' stockholders. Specifically, the Merger Agreement provides that the exclusive venue and jurisdiction for any litigation concerning enforcement or interpretation of the terms of the Merger Agreement shall be in either a state court in Riverside County, California, or this Court's Eastern Division.[1]

---

[1] In accordance with this Court's Civil Cover Sheet, this matter is set for an initial assignment in this Court's Western Division. As contemplated by the Civil Cover Sheet, this initial assignment is subject to change upon review of this Complaint. As alleged herein, this Court's Eastern Division is the appropriate divisional venue pursuant to the parties' forum selection clause in the Merger Agreement.

**GENERAL ALLEGATIONS**

6. The Stockholder Representatives are representatives of the selling stockholders of Pacific Consolidated Industries ("PCI Gases") under an Agreement and Plan of Merger dated March 30, 2021 (the "Merger Agreement"). A true and correct copy of the Merger Agreement is attached as **Exhibit A**.

7. The Merger Agreement was entered by and among Stockholder Representatives, Plaintiff PCI, PCI-AH, Inc., and PCI Holding Company, Inc.

8. Eng signed the Merger Agreement as the CEO of PCI Holding Company, Inc., and as the representative for PCI Consolidated Industries' stockholders.

9. Horton signed the Merger Agreement as the representative for PCI Consolidated Industries' stockholders.

10. Neither Horton nor Eng signed the Merger Agreement in their individual capacity.

11. As part of the Merger Agreement, the Stockholder Representatives agreed that all actions or proceedings arising out of or relating to the Merger Agreement would be submitted to the "exclusive jurisdiction" of the state or federal courts in Riverside County, California:

> **(b) EACH OF THE PARTIES SUBMITS TO THE EXCLUSIVE JURISDICTION OF THE STATE OR FEDERAL COURTS LOCATED IN RIVERSIDE COUNTY, CALIFORNIA, IN ANY ACTION OR PROCEEDING ARISING OUT OF, OR RELATING TO, THIS AGREEMENT, AGREES THAT ALL CLAIMS IN RESPECT OF THE ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN ANY SUCH COURT AND AGREES NOT TO BRING ANY ACTION OR PROCEEDING ARISING OUT OF, OR RELATING TO, THIS AGREEMENT IN ANY OTHER COURT. EACH OF THE PARTIES WAIVES ANY DEFENSE OF INCONVENIENT FORUM TO THE MAINTENANCE OF ANY ACTION OR PROCEEDING SO BROUGHT AND WAVIES ANY BOND, SURETY OR OTHER SECURTITY THAT MIGHT BE**

**REQUIRED OF ANY OTHER PARTY WITH RESPECT THERETO. . . .**

Ex. A, Section 7(b) (emphasis in original).

12. As part of the Merger Agreement, the Stockholder Representatives agreed that all claims and causes of action would be tried by the court:

**THE PARTIES HERETO EACH AGREE THAT ANY AND ALL SUCH CLAIMS AND CAUSES OF ACTION SHALL BE TRIED BY THE COURT WITHOUT A JURY.**

Ex. A, Section 7(c) (emphasis in original).

13. Despite this clear agreement to submit claims exclusively to a state or federal court in Riverside County, California, Defendants submitted a Demand for Arbitration on June 29, 2023, asserting claims regarding the parties' respective rights and obligations under the Merger Agreement (the "Arbitration Demand"). A true and correct copy of the Arbitration Demand is attached as **Exhibit B**.

14. The Arbitration Demand asserts two counts of breach of contract alleging that PCI failed to make certain required payments to the Stockholder Representatives under Merger Agreement:

    a. Count I alleges that PCI breached the Merger Agreement by failing to pay earnout and excess earnout A/R earnout owed under Sections 1.9(c) and 1.9(c)(1) and excess A/R earnout payments owed under Section 1.9(d). Ex. B, ¶¶ 69-82

    b. Count II alleges that PCI breached the Merger Agreement by failing to pay Stockholder Representatives tax refund/credit under Section 5.1(f). Ex. B, ¶¶ 83-88.

15. In the Arbitration Demand, the Stockholder Representatives asserted that the parties agreed to arbitrate these claims under Section 9.2 of the Merger Agreement.

16. Section 9.2 of the Merger Agreement is titled "Negotiation" and provides that a party "may" submit a controversy to arbitration as follows:

> 9.2 Negotiation. If there is any dispute or disagreement between or among the Stockholders' Representative, on behalf of each of the Stockholders, on the one hand, or Parent, on the other hand, as to the interpretation of any provision of, or the performance of obligations under, this Agreement (except for such disputes or disagreements regarding the calculation of Actual Net Working Capital, which shall be resolved exclusively pursuant to Section 1.8) (a "Dispute"), then the Dispute, upon the written request of Parent or the Stockholders' Representative, shall be referred to the Stockholders' Representative and Thomas J. McDonough, on behalf of Parent (collectively, the "Representatives"). The Representatives shall promptly meet (in person, by telephone or otherwise) in a good faith effort to resolve the Dispute. All negotiations pursuant to this Section 9.2 shall be considered confidential settlement discussions, and neither of the Representatives may offer into evidence, mention or otherwise use statements made in connection with such negotiations in any subsequent alternative dispute resolution proceeding or litigation. The Parties agree that no arbitrator, including the Tribunal (as defined below), shall have the authority to consider any such statements. If, after the thirtieth (30th) day after either Representative delivered the above-described written request for referral, either Parent or the Stockholders' Representative believes that the Dispute cannot be resolved by the Representatives through negotiation, then either the Stockholders' Representative, on behalf of each of the Stockholders, on the one hand, or Parent, on the other hand, may submit the Dispute to arbitration under Section 9.3 by filing a request for arbitration with the American Arbitration Association, or such other nationally recognized alternative dispute resolution firm upon which Parent and the Stockholders' Representative mutually agree in writing (the "ADR Firm"), and delivering a copy of such request for arbitration to the other.

17. Even within the same Article of the Merger Agreement (Article IX), the Merger Agreement includes a carveout provision for equitable relief again providing that relief be sought in court rather than arbitration: "Parent or the Stockholders' Representative may, in its discretion, apply to a court of competent jurisdiction for preliminary or permanent judicial injunctive relief." Ex. A, Section 9.6(a).

18. For the arbitration provision to apply, the parties must "mutually agree in writing" to arbitrate the dispute. Ex. A, Section 9.2

19. The parties did not mutually agree in writing, or otherwise, that Stockholder Representatives may submit any claims asserted in the Arbitration Demand to arbitration.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

20. PCI hereby incorporates and re-alleges paragraphs 1-19 of this Complaint, as though fully set forth herein.

21. The Merger Agreement obligates the parties to submit any action or proceeding arising out of, or relating to the Merger Agreement to the exclusive jurisdiction of the state or federal courts located in Riverside, California.

22. However, the Merger Agreement also contemplates disputes may be submitted to arbitration.

23. The parties' rights and obligations under the Merger Agreement concerning the required forum for claims and proceedings arising under the Merger Agreement are ongoing and expected to continue into the future.

24. Stockholder Representatives have already submitted an Arbitration Demand asserting claims related to and arising under the Merger Agreement. Thus, there is a real, immediate, and justiciable controversy existing between PCI and the Stockholder Representatives concerning the parties' rights and obligations with respect to forum selection for actions related to and arising under the Merger Agreement.

25. Because Stockholder Representatives have already submitted an Arbitration Demand asserting claims related to and arising under the Merger Agreement in contravention of the Merger Agreement's forum selection clause, this dispute concerning the parties' respective rights and obligations under the Merger Agreement is ripe for adjudication.

26. Because this dispute requires a declaration of the parties' respective rights and obligations under the Merger Agreement, PCI lacks an adequate remedy at law.

27. A declaratory judgment is both necessary and proper in order to set for the rights, obligations, and liabilities that exist between PCI and the Stockholder Representatives under the Merger Agreement

WHEREFORE, Plaintiff PCI, respectfully requests a judgment declaring that: (1) Stockholder Representatives claims asserted in the Demand for Arbitration are not arbitrable; and (2) For such other and further relief as the Court deems just and proper; and that a temporary restraining order, preliminary, and permanent injunction be entered against Stockholder Representatives and all persons or entities acting concert with them prohibiting:

    a. Stockholder Representatives from proceeding with respect to their Arbitration Demand filed with the American Arbitration Association in Riverside, California;

    b. Stockholder Representatives from initiating future arbitrations over these same matters; and

    c. Any and all other such acts as the Court deems appropriate for injunctive relief.

Dated: July 19, 2023

ARMSTRONG TEASDALE LLP

By: /s/ Julie O'Dell
      Julie W. O'Dell

Attorneys for Plaintiff
PCI INTERMEDIATE, INC. a Delaware Corporation